**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

IVAN AVILA MARTINEZ,                          :
      Petitioner,                               :
                            :
      v.                                            :          No. 2:26-cv-3732
                            :
J.L. JAMISON, *Warden, Federal*              :
*Detention Center, Philadelphia, et al.*,    :
      Respondents.                              :

---

**O R D E R**

**AND NOW,** this 10th day of June, 2026, upon consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in Opposition, ECF No. 3;[2] and Petitioner's Reply, ECF No. 4; and for the reasons set forth in this Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518 at ECF No. 16 (E.D. Pa. January 20, 2026) and *Mirdjalilov v. Federal Detention Center Philadelphia, et al.*, No. 2:25-cv-07068 at ECF No. 9 (E.D. Pa. January 23, 2026), which are incorporated in their entireties herein;[3]

**IT IS ORDERED THAT**:

---

[1]    Petitioner Ivan Avila Martinez, a citizen of Mexico, entered the United States through the southern border in 2010. *See* Pet. ¶¶ 1, 17, ECF No. 1. He went to live in Upper Darby, Pennsylvania, where he continued to reside with his younger brother until his recent detention. *See id.* ¶¶ 1-2, 18-19. On May 28, 2026, Martinez was detained by immigration officials while on the way to work. *See id.* ¶¶ 2, 21. He is being held without a bond hearing. *See id.* ¶ 21. Martinez filed the instant habeas petition on June 1, 2026. He alleges that his detention violates: (1) the Immigration and Nationality Act ("INA"); (2) the Administrative Procedures Act ("APA"); and (3) Fifth Amendment due process. *See id.* ¶¶ 43-63.

[2]    On June 3, 2026, the Government filed a Response, arguing that the Court should deny habeas relief because: (1) Martinez is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (2) his detention does not violate Constitutional due process. *See* Resp. 5-9, ECF No. 3.

[3]    These opinions addressed similar habeas claims and rejected the Government's arguments, which are similar to those brought in the above-captioned action. These opinions are only two of dozens of analogous cases decided in this District. In a manner consistent with other recent decisions in this District, this Court found that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections and that such petitioners— *i.e.*, aliens who had been present in the United States for several years leading up to their

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

1.      Petitioner Ivan Avila Martinez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

2.      **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

3.      If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody; and

4.      The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2).  The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required, but the Government chose not to make these arguments in the instant case.  *See* Resp. 4 n.4.

[4]      Martinez's continued detention without a bond hearing violates the INA.  As he is entitled to habeas relief on this basis, the Court will not reach the merits of his claims based on violations of the APA and due process.  Because the petition seeks relief in the form of immediate release, it is granted in part, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided.  Because Martinez's request for immediate release is denied, so too is his request for return of property.  Martinez's request that this Court hold a bond hearing instead of an immigration judge is denied.  *See Vera-Velez v. Soto*, No. 26cv1480, 2026 U.S. Dist. LEXIS 78006, at *1-2 (D.N.J. Apr. 9, 2026) (directing the respondents to provide the petitioner "with a bond hearing before a different immigration judge").  Finally, to the extent counsel seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), he may file a separate motion.